Case 1:21-cr-20004-KMM Document 25 Entered on FLSD Docket 06/02/2021 Page 1 of 8

FILED BY AS D.C.
Jun 1, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20004-CR-GRAHAM/MCALILEY(s)
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(3)(B)
21 U.S.C. § 846
18 U.S.C. § 982(a)(1)
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

GUILLERMO EDUARDO RAMIREZ-PEYRO,
    a/k/a "Lalo,"

            Defendant.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Engage in Money Laundering
### (18 U.S.C. § 1956(h))

Beginning at least as early as in and around October 2018, and continuing through on or about April 17, 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**GUILLERMO EDUARDO RAMIREZ-PEYRO**
a/k/a "Lalo,"

did knowingly and willfully combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956, that is, to conduct and attempt to conduct financial transactions involving property represented to be the proceeds of specified unlawful activity with the intent to conceal and disguise the nature, location, source, ownership and control of property

believed to be proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

It is further alleged that the specified unlawful activity was represented to be the felonious importation, receiving, concealing, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS 2-16**
**Money Laundering**
**(18 U.S.C. § 1956(a)(3)(B))**

On or about the dates set forth below as to each Count, in the Counties listed below as to each Count, in the Southern District of Florida, and elsewhere, the defendant,

**GUILLERMO EDUARDO RAMIREZ-PEYRO,**
a/k/a "Lalo,"

as set out in the chart below, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving property, that is, funds and monetary instruments, including United States currency, represented to be the proceeds of a specified unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity:

| Count | Approximate Date of Financial Transaction | Approximate Amount | Financial Transaction | County |
|---|---|---|---|---|
| 2 | February 2, 2019 | $100,000 | Receipt of Cash in U.S. Currency by Ramirez-Peyro | Miami-Dade |
| 3 | February 18, 2019 | $94,000 | Delivery of a Check by Ramirez-Peyro | Miami-Dade |
| 4 | March 8, 2019 | $250,000 | Receipt of Cash in U.S. Currency by Ramirez-Peyro | Miami-Dade |
| 5 | March 21, 2019 | $80,000 | Wire Transfer received at a Centennial Bank Account | Broward |

| 6 | March 22, 2019 | $50,000 | Wire Transfer received at a Centennial Bank Account | Broward |
| 7 | March 26, 2019 | $27,500 | Wire Transfer received at a Centennial Bank Account | Broward |
| 8 | March 29, 2019 | $77,500 | Wire Transfer received at a Centennial Bank Account | Broward |
| 9 | April 25, 2019 | $250,000 | Receipt of Cash in U.S. Currency by Ramirez-Peyro | Miami-Dade |
| 10 | May 9, 2019 | $75,000 | Wire Transfer received at a Centennial Bank Account | Broward |
| 11 | May 9, 2019 | $10,000 | Wire Transfer received at a Centennial Bank Account | Broward |
| 12 | May 16, 2019 | $30,000 | Wire Transfer received at a Centennial Bank Account | Broward |
| 13 | September 10, 2019 | $120,000 | Delivery of a Check by Ramirez-Peyro | Miami-Dade |
| 14 | June 18, 2019 | $250,000 | Receipt of Cash in U.S. Currency by Ramirez-Peyro | Miami-Dade |
| 15 | July 9, 2019 | $80,000 | Wire Transfer received at a Centennial Bank Account | Broward |
| 16 | July 9, 2019 | $10,000 | Wire Transfer received at a Centennial Bank Account | Broward |

It is further alleged that the specified unlawful activity was represented to be the felonious importation, receiving, concealing, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States.

In violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

### COUNT 17
**Conspiracy to Possess with Intent to Distribute a Controlled Substance**
**(21 U.S.C. § 846)**

From at least as early as on or about January 9, 2020, and continuing through on or about April 17, 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**GUILLERMO EDUARDO RAMIREZ-PEYRO,**
a/k/a "Lalo,"

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substance involved in the conspiracy attributable to the Defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

## COUNT 18
**Conspiracy to Possess with Intent to Distribute a Controlled Substance**
**(21 U.S.C. § 846)**

From at least as early as on or about March 24, 2020, and continuing through on or about April 17, 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**GUILLERMO EDUARDO RAMIREZ-PEYRO,**
a/k/a "Lalo,"

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substance involved in the conspiracy attributable to the Defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

4

Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

## COUNT 19
### Attempt to Possess with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 846)

On or about April 17, 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, the defendant,

**GUILLERMO EDUARDO RAMIREZ-PEYRO,**
a/k/a "Lalo,"

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, section 841(a)(1); all in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## FORFEITURE ALLEGATIONS

1. The allegations of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **GUILLERMO EDUARDO RAMIREZ-PEYRO, a/k/a "Lalo,"** has an interest.

2. Upon conviction of or conspiracy of a violation of Title 18, United States Code, Section 1956, as alleged in this Superseding Indictment, **GUILLERMO EDUARDO RAMIREZ-PEYRO, a/k/a "Lalo,"** shall forfeit to the United States of America, any property, real or personal, involved in such violation, or in any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

5

3.  Upon conviction of a violation of Title 21, United States Code, Sections 846, as alleged in this Superseding Indictment, the defendant, **GUILLERMO EDUARDO RAMIREZ-PEYRO, a/k/a "Lalo,"** shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

All pursuant to Title 21, United States Code, Section 853,

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

GUILLERMO EDUARDO RAMIREZ-PEYRO,
a/k/a "Lalo,"

_____Defendant._____/

CASE NO. 21-20004-CR-DLG(s)

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

| | | |
|---|---|---|
| New defendant(s) | Yes ___ | No ✓ |
| Number of new defendants | 0 | |
| Total number of counts | 19 | |

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  Yes
   List language and/or dialect  Spanish

4. This case will take __10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days     ___
   - II  6 to 10 days    ✓
   - III 11 to 20 days   ___
   - IV  21 to 60 days   ___
   - V   61 days and over

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem. ___
   - Felony  ✓

6. Has this case previously been filed in this District Court?  (Yes or No)  Yes
   If yes: Judge Donald L. Graham    Case No. 21-20004-CR-DLG
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  Yes
   If yes: Magistrate Case No.  20-MJ-02615-JB
   Related miscellaneous numbers:
   Defendant(s) in federal custody as of  04/17/2020
   Defendant(s) in state custody as of
   Rule 20 from the District of

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?  Yes ___  No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  Yes ___  No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  Yes ___  No ✓

*Penalty Sheet(s) attached

_____
FREDERIC SHADLEY
FLORIDA COURT NO. A5502298
ASSISTANT UNITED STATES ATTORNEY

REV 3/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** GUILLERMO EDUARDO RAMIREZ-PEYRO, a/k/a "Lalo"

**Case No:** 21-20004-CR-DLG(s)

Count #: 1

Conspiracy to engage in money laundering

Title 18, United States Code, Section 1956(h)

*Max. Penalty: Twenty Years Imprisonment

Counts #: 2-16

Money laundering

Title 18, United States Code, Section 1956(a)(3)(B)

*Max. Penalty: Twenty Years Imprisonment

Counts #: 17 and 18

Conspiracy to possess with intent to distribute five kilograms or more of cocaine

Title 21, United States Code, Section 846

*Max. Penalty: Life Imprisonment

Count #: 19

Attempted possession with intent to distribute five kilograms or more of cocaine

Title 21, United States Code, Section 846

*Max. Penalty: Life Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.